1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GETTY IMAGES, INC.; and GETTY IMAGES (US), INC., | No. |
| Petitioners, | **PETITION TO COMPEL ARBITRATION BY GETTY IMAGES, INC. AND GETTY IMAGES (US), INC.** |
| v. | **NOTE ON MOTION CALENDAR: July 15, 2022** |
| CAR CULTURE, INC., a Florida corporation; AUTOMOBILIA II, LLC, a Florida limited liability company, | **ORAL ARGUMENT REQUESTED** |
| Respondents. | |

PETITION TO COMPEL ARBITRATION

SW WILSDON LAW
P.O. Box 5515
Carmel, California 93921
831.324.0627

## <u>TABLE OF CONTENTS</u>

I.  PRELIMINARY STATEMENT ................................................................. 1

II.  STATEMENT OF FACTS................................................................. 2

    A.  Petitioners Getty Images, Inc. and Getty Images (US), Inc ....................3

    B.  Respondents Car Culture, Inc. and Automobilia II, LLC......................3

    C.  2006 Image Partner Agreement. .................................................... 4

    D.  Agreement to Arbitrate. .................................................... 5

    E.  Prior Copyright Claims by Respondents........................................ 5

III.  LEGAL ARGUMENT .................................................................. 6

    A.  The Image Partner Agreement Is a Valid and Enforceable Agreement..…...7

    B.  The Agreement to Arbitrate Is a Broad Agreement that Encompasses the Claims in the FAC .................................................... 7

    C.  Signatory Car Culture Is Bound by the Agreement to Arbitrate ............... 10

    D.  Non-Signatory Automobilia II Is Bound by the Agreement to Arbitrate…11

    E.  The Agreement to Arbitrate Is Enforceable by Non-Signatory Getty Images, Inc……...................................................... 15

IV.  CONCLUSION .................................................................. 17

PETITION TO COMPEL ARBITRATION - i



P.O. Box 5515
Carmel, California 93921
831.324.0627

1
2
<u>**TABLE OF AUTHORITIES**</u>
3
**Statutes**
4
9 U.S.C. § 2 ................................................................................................ 6
5
9 U.S.C. § 4 ............................................................................................. 1, 2
6
17 U.S.C. § 501 .................................................................................. 1, 10, 12
7
28 U.S.C. § 1331 ......................................................................................... 1
8
28 U.S.C. § 1338 ......................................................................................... 1
9
28 U.S.C. § 1391 ......................................................................................... 1
10
11
**Case Authority**
12
*All for Kidz, Inc. v. Around the World Yoyo Entm't Co.*,
13
   2014 U.S. Dist. LEXIS 64004 (W.D. Wash. May 8, 2014) .............................. 14
14
*Allied Professionals Ins. Co. v. Harmon*,
   2017 U.S. Dist. LEXIS 216872 (C.D. Cal. July 28, 2017) ............................... 2
15
*AMA Multimedia LLC v. Sagan Ltd.*,
16
   2017 U.S. Dist. LEXIS 10991 (D. Ariz. Jan. 26, 2017) .................................. 12
17
*Ashbey v. Archstone Property Mgmt., Inc.*,
   785 F.3d 1320 (9th Cir. 2015) ......................................................... 6
18
*AT&T Mobility LLC v. Concepcion*,
19
   563 U.S. 333, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011) ............................ 6
20
*Brennan v. Opus Bank*,
   796 F.3d 1125 (9th Cir. 2015) ......................................................... 8
21
*Cape Flattery Ltd. v. Titan Maritime, LLC*,
22
   647 F.3d 914 (9th Cir. 2011) .......................................................... 8
23
*Chartwell Staffing Servs. V. Atl. Solutions Grp, Inc.*,
   2020 U.S. Dist. LEXIS 24640 (C.D. Cal. Jan. 9, 2020) .................... 8, 9, 10, 11, 15
24
*Chiron Corp. v. Ortho Diagnostic Sys.*,
25
   207 F.3d 1126 (9th Cir. 2000) ....................................................... 6, 7
26
*Circuit City Stores v. Adams*,
   532 U.S. 105, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001) ............................ 7
27
28
PETITION TO COMPEL ARBITRATION - ii



*Citizens Bank v. Alfabco, Inc.*,
    539 U.S. 52, 123 S. Ct. 2037, 156 L. Ed. 2d 46 (2003) ...................................................... 7

*Comer v. Micor, Inc.*,
    436 F.3d 1098 (9th Cir. 2006) ................................................................... 11, 15

*Continental Grain Co. v. Dant & Russell*,
    118 F.2d 967 (1941) ............................................................................. 2

*Crown Controls*, Inc. *v. Smiley*,
    110 Wn.2d 695, 756 P.2d 717 (1988) ................................................................. 14

*David Terry Investments, LLC-PRC v. Headwaters Development Group LLC*,
    13 Wn. App. 2d 159, 171, 463 P.2d 117 (2020) ...................................................... 15, 16

*Green Tree Fin. Corp.-Ala.* V. *Randolph*,
    531 U.S. 79, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000) ............................................... 7

*Johnson v. Harrigan-Peach Land Dev. Co.*,
    79 Wn. 2d 745, 489 P.2d 923 (1971) ................................................................. 13

*Letizia v. Prudential Bache Secs., Inc.*,
    802 F.2d 1185 (9th Cir. 1986) ............................................................... 11, 13, 15

*Lowden v. T-Mobile USA, Inc.*,
    512 F.3d 1213 (9th Cir. 2008) ................................................................... 11, 15

*Loyola v. American Credit Acceptance LLC*,
    2019 U.S. Dist. LEXIS 64285 (E.D. Wash. Apr. 15, 2019) ............................................ 16

*McClure v. Davis Wright Tremaine*,
    77 Wn. App. 312, 890 P.2d 466 (1995) ............................................................... 16

*Mediterranean Enters.*, Inc. *v. Ssangyong Corp.*,
    708 F.2d 1458 (9th Cir. 1983) ..................................................................... 8

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*,
    473 U.S. 614, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985) ............................................. 6, 7

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) ............................................... 6

*Mundi v. Union Sec. Life Ins. Co.*,
    555 F.3d 1042 (9th Cir. 2009) .................................................................... 14

*P.E.V.'s, Inc. v. Kurtti*,
    2003 Wash. App. LEXIS 2106 (Wash. Ct. of App., Division One, Sept. 22, 2003) ......... 13

*Postlewait Constr. v. Great Am. Ins. Cos.*,
    106 Wn. 2d 96, 720 P.2d 805 (1986). ............................................................... 11

PETITION TO COMPEL ARBITRATION - iii



WILSDON LAW
P.O. Box 5515
Carmel, California 93921
831.324.0627

*Powell v. United Rentals (N. Am.), Inc.*,
   U.S. Dist. LEXIS 33232 (W.D. Wash. Mar. 1, 2019) ........................................ 2

*Prima Paint Corp. v. Flood Conklin Mfg. Co.*,
   388 U.S. 395, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967) .................................. 7

*Raven Offshore Yacht Shipping, LLP v. F.T. Holdings, LLC*,
   199 Wn. App. 534, 400 P.3d 347 (2017) ........................................................ 8

*Revitch v. DIRECTV, LLC*,
   997 F.3d 713 (9th Cir. 2020) ........................................................................ 11

*Satterfield v. Simon & Schuster, Inc.*,
   569 F.3d 946 (9th Cir. 2009) ........................................................................ 12

*Schmidt v. Samsung Elecs. Am., Inc.*,
   2017 U.S. Dist. LEXIS 80768 (W.D. Wash. May 25, 2017) ........................... 16

*Simula, Inc. v. Autoliv, Inc.*,
   175 F.3d 717 (9th Cir. 1999) .......................................................................... 8

*Soto v. American Honda Motor Co., Inc.*,
   946 F. Supp. 2d 949 (N.D. Cal. 2012) ........................................................... 14

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
   559 U.S. 662, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010) ................................ 6

*SVN Cornerstone LLC v. N 807 Inc.*,
   2017 Wash. App. LEXIS 1231 (Wash. Ct. of App., Division Three, May 23, 2017) ....... 13

*T-Mobile USA, Inc. v. Selective Ins. Co. of Am.*,
   194 Wn. 2d 413, 450 P.3d 150 (2019) ........................................................... 13

*Townsend v. Quadrant Corp.*,
   153 Wn. App. 870, 224 P.3d 818 (2009), *aff'd* 173 Wn. 2d 451 (2012) ......... 16

*Townsend v. Quadrant Corp.*,
   2009 Wash. App. LEXIS 2629, 218 P.3d 230, 240 (2009) .............................. 14

*Wiese v. CACH, LLC*,
   189 Wn. App. 466, 358 P.3d 1213 (2015) ...................................................... 16

*Woolley v. El Toro.com, LLC*,
   2021 Wash. App. LEXIS 1140 (Wash. Ct. App., Division One, May 3, 2021) ................. 8

PETITION TO COMPEL ARBITRATION- iv



WILSDON LAW
P.O. Box 5515
Carmel, California 93921
831.324.0627

1
2
3        Petitioners Getty Images, Inc. and Getty Images (US), Inc., pursuant to the Federal

4   Arbitration Act, 9 U.S.C. § 4, and a written agreement entitled the Image Partner Rights Managed

5   Distribution Agreement, petition this Court for an order compelling arbitration of the copyright

6   claims by Respondents in the matter *Automobilia II, LLC v. Getty Images, Inc., et al.*, No. 2:22-cv-

7   2560 JLS(MAAx) (United States District Court, Central District of California).  Respondents

8   should be compelled to arbitrate because their claims are subject to mandatory arbitration in Seattle,

9   Washington.

10       Section 4 of the FAA authorizes this Court to order Respondents to arbitrate their claims in

11   the Western District of Washington.  This Court has jurisdiction over this Petition pursuant 28

12   U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a) and 28 U.S.C. § 1338(a), because the Court

13   would have jurisdiction over Respondents' underlying claims.  *See* First Amended Complaint,

14   copy attached hereto as Exhibit A.  Venue in this District is proper because Respondents agreed to

15   arbitrate in Seattle, Washington and pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1391(b).

16                    **I.      PRELIMINARY STATEMENT**

17       On April 15, 2022, Respondent Automobilia II, LLC filed a complaint asserting claims for

18   copyright infringement in the matter *Automobilia II, LLC v. Getty Images, Inc., et al.*, No. 2:22-cv-

19   2560 JLS(MAAx) (United States District Court, Central District of California).  Automobilia II

20   amended its pleadings on April 25, 2022, by filing of its First Amended Complaint ("FAC").  *See*

21   Exhibit A, attached hereto.  Automobilia II asserts two claims against Getty Images (US), Inc. and

22   its parent company, Getty Images, Inc., and their distribution partner, Pixels.com, LLC, for

23   alleged infringements of the copyrights in photographs claimed to be owned by Automobilia II.

24       Petitioners bring this action because the claims asserted in the California action are subject

25   to mandatory arbitration in Seattle, Washington, pursuant to the terms of the Image Partner Rights

26   Managed Distribution Agreement ("Image Partner Agreement"), dated September 15, 2006.  By

27   that Agreement, Respondent Car Culture, Inc. agreed to mandatory arbitration of "any dispute,

28
PETITION TO COMPEL ARBITRATION
  – Page 1

SW WILSDON LAW
P.O. Box 5515
Carmel, California 93921
831.324.0627

controversy or claim arising out of or related to [the] Agreement, or the breach . . . [thereof]."  That

Agreement further stipulated that the arbitration would be held in Seattle, Washington and

conducted pursuant to the then current rules of the American Arbitration Association.  *See* Section

II.D., *infra*.

Petitioners now petition this Court to compel Respondents to arbitrate their claims in

Seattle, as Car Culture agreed when it signed the Image Partner Agreement.  Pursuant to 9 U.S.C.

§ 4, this Court has authority to order the parties to arbitration to be held in the Western District of

Washington.[1]  Concurrent with the filing of this Petition, Petitioners will file a motion to stay

further proceedings in the California action pending the Court's consideration of this Petition and,

should the Petition be granted, pending a final resolution of the arbitration in Seattle.

## II.    STATEMENT OF FACTS

This lawsuit involves certain car-themed photographs taken by Lucinda Lewis.  First

Amended Complaint ("FAC") ¶ 8.  As alleged, Ms. Lewis transferred the copyrights in the subject

photographs to Automobilia II, *see* FAC ¶ 8, which is a limited liability company created and

owned by her.  *See* Section II.B., *infra*.  Ms. Lewis owns a second company, Car Culture, Inc., and

she identified that company as the contracting party when she signed the Image Partner Agreement

for the distribution of her photographs.  *See* Section II.C., *infra*.  As admitted in the FAC, Car

Culture acted as Automobilia II's "licensee" in connection with that contractual relationship with

Getty Images (US), Inc.  FAC ¶¶ 27, 39.

---

[1] This Court has clear authority to compel an arbitration to occur in this judicial district.  9 U.S.C. § 4 ("The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed."); *Continental Grain Co. v. Dant & Russell*, 118 F.2d 967, 969 (1941).  The authority of a district court sitting in any other district is less clear. *Allied Prof. Ins. Co. v. Harmon*, 2017 U.S. Dist. LEXIS 216872, at *16 (C.D. Cal. July 28, 2017) (holding court can compel arbitration "to occur only in its district"); *Powell v. United Rentals (N. Am.), Inc.*, U.S. Dist. LEXIS 33232, at *3 (W.D. Wash. Mar. 1, 2019) (questioning whether court had authority to order arbitration outside of judicial district in which it sits), *later proceedings,* 2019 U.S. Dist. LEXIS 57722, at *23 (W.D. Wash. Apr. 3, 2019) (transferring case *sua sponte* to District of Connecticut).

SW WILSDON LAW
P.O. Box 5515
Carmel, California 93921
831.324.0627

**A.      Petitioners Getty Images, Inc. and Getty Images (US), Inc.**

As alleged in the FAC, Getty Images, Inc. is a global licensor of photographic imagery and other content.  FAC ¶ 12.  Getty Images, Inc. is alleged to have its principal place of business in Seattle, Washington.  FAC ¶ 4.  The FAC further alleges that Getty Images, Inc. licenses content to media companies for print and online publishing, and to creative professionals and corporate clients in advertising and other fields.  FAC ¶ 12.  The company's alleged distribution of photographic imagery includes distribution via the Internet.  *Id*.

Getty Images (US), Inc. is a subsidiary of Getty Images, Inc. and also has its principal place of business in Seattle, Washington.  FAC ¶¶ 5, 13.  Getty Images (US), Inc. distributes photographs to customers through its own facilities (*i.e.*, websites and other delivery mechanisms), as well as through "partners," including Pixels.com.  FAC ¶¶ 13, 16.

As alleged in the FAC, Pixels.com operates the websites Photos.com, Pixels.com and FineArtAmerica.com that allow customers to print copies of photographs from a digital archive belonging to Petitoners.  FAC ¶¶ 14, 19.  Automobilia II alleges that Petitioners were not authorized to distribute Ms. Lewis' photographs via the websites operated by Pixels.com.  Examples purporting to show those infringements are attached to the FAC.  *See* FAC, Ex. B (Photos.com) & Ex. C (Pixels.com and FineArtAmerica.com.)

**B.      Respondents Car Culture, Inc. and Automobilia II, LLC.**

Lucinda Lewis owns and operates two companies in connection with her photography business:

- **Car Culture, Inc.**, formerly known as **Machine Age, Inc.**, was incorporated by Ms. Lewis in 1992 in California and later registered in Florida.  Declaration of Scott T. Wilsdon ("Wilsdon Decl.") ¶¶ 2 - 6, Exs. A - D.

- **Automobilia II, LLC**, formerly known as **Car Culture Library, LLC**, was created by Ms. Lewis created in 2006 in California and later registered in Florida.  Wilsdon Decl. ¶¶ 7 - 11, Exs. E - H.

PETITION TO COMPEL ARBITRATION
– Page 3

1      Ms. Lewis is the Chief Executive Officer, President and Secretary and the sole director of

2   Car Culture, Inc., as disclosed the corporation's filings with the Secretary of State.  Wilsdon Decl.

3   ¶ 4, Ex. C.  Ms. Lewis is the sole manager and the sole member of Automobilia II, LLC, as

4   disclosed in the limited liability company's filings with the Secretary of State.  Wilsdon Decl. ¶¶ 9,

5   10 & Ex. H (listing Ms. Lewis as the sole Managing Member of Automobilia II, LLC).

6   **C.     2006 Image Partner Agreement.**

7      On September 15, 2006, Ms. Lewis signed the Image Partner Agreement with Getty Images

8   (US), Inc. for the distribution of her photographs.  Declaration of Helen Gudgeon ("Gudgeon

9   Decl."), Ex. A.  That contract formed the basis of a 13-year contractual relationship between Ms.

10  Lewis and Getty Images (US), Inc. and established terms and conditions for the company's

11  distribution of Ms. Lewis' photographs.  Ms. Lewis signed the Agreement as "President" of Car

12  Culture, Inc.  Image Partner Agreement, at 9.

13     The Image Partner Agreement granted Getty Images (US), Inc. an exclusive license to

14  distribute Ms. Lewis' photographs through its "wholly owned offices" and "through its network of

15  delegates and distributors."  Image Partner Agreement § 2.1.  That network of "delegates" and

16  "distributors" included distribution partners such as Pixels.com.  In return, Ms. Lewis received

17  royalties from Getty Images (US), Inc. for each photograph it distributed.  Image Partner

18  Agreement § 8.3.[2]

19     The Image Partner Agreement remained in place from September 15, 2006, until November

20  7, 2019, when Getty Images (US), Inc. gave notice of its decision to terminate the Agreement.

21  Gudgeon Decl., Ex. B.  The termination was effective 90-days after the notice.  Image Partner

22  Agreement § 5.2.  The Agreement, at Section 5.4, granted Getty Images (US), Inc. and its

23  distribution partners a second 90-day term to wind up their distribution activities and remove the

24  photographs.  Image Partner Agreement § 5.4.  Ms. Lewis and her company were paid royalties

25  

26  [2] The royalty percentage paid to Ms. Lewis has been redacted in Section 8.3 of the Image Partner
    Agreement because that information is treated as confidential and proprietary business information.
27  Gudgeon Decl. ¶ 5 & Ex. A.

28  PETITION TO COMPEL ARBITRATION
    – Page 4

1    during the 90-day wind-up term.  Declaration of Vaughn Bench ("Bench Decl."), Ex. A (print-on-

2    demand royalty statements for 2019 and 2020).

3         Each of the 155 alleged infringements attached to the FAC occurred ***before*** the deadline for

4    removing Ms. Lewis' photographs.  *See* FAC, Ex. B (Photos.com) & Ex. C (Pixels.com and

5    FineArtAmerica.com.)  Hence, every example of infringement claimed by Automobilia II occurred

6    during (1) the term of the Image Partner Agreement, or (2) the 90-day windup period during which

7    Getty Images (US), Inc. and its partners were permitted to continue to display and distribute the

8    photographs.  Image Partner Agreement §§ 5.2, 5.4.

9    **D.    Agreement to Arbitrate.**

10        Section 14.2 of the Image Partner Agreement sets forth the parties' agreement to arbitrate

11   any dispute, controversy or claim "arising out of or related to" the Agreement or a claimed breach

12   thereof.  That provision reads in full as follows:

13        14.2    Controlling Law.  This Agreement shall be interpreted, construed and
          governed by the laws of the State of Washington, U.S.A.  ***Any dispute, controversy***
14        ***or claim between the parties arising out of or related to this Agreement, or the***
          ***breach, termination or invalidity hereof*** shall be settled by binding arbitration to
15        be held in Seattle, WA, U.S.A., pursuant to the then current rules of the American
          Arbitration Association ("AAA").  The parties agree that one arbitrator shall be
16        selected for the proceeding, utilizing the AAA's normal rules and procedures for
17        arbitrator selection.
18
19   Gudgeon Decl., Ex. A, § 14.2 (emphasis supplied).

20   **E.    Prior Copyright Claims by Respondents.**

21        This lawsuit is a continuation of a dispute that began in 2019 when Ms. Lewis questioned

22   the scope of rights granted to Getty Images (US), Inc. in the 2006 Image Partner Agreement.

23   Specifically, Ms. Lewis and her lawyer argued that the 2006 Image Partner Agreement did not

24   permit the distribution of photographs for the purpose of creating "merchandise."  Declaration of

25   Isabella Nicholson ("Nicholson Decl."), Ex. A (demand letter from Ms. Lewis' copyright lawyer,

26   dated July 26, 2019).

27

28   PETITION TO COMPEL ARBITRATION
     – Page 5

1   The timing of Ms. Lewis' objections coincides with the alleged examples of infringement

2   she attached as Exhibits B and C to the FAC.  FAC, Ex. B (screenshots of Photos.com, dated April

3   23, 2019 to June 8, 2019) & Ex. C (screenshots of Pixels.com and FineArtAmerica.com, dated

4   April 23, 2019 to May 3, 2020).  The substance of Ms. Lewis' objections – that Getty Images (US),

5   Inc. was distributing her photographs in a manner not permitted by the Image Partner Agreement –

6   also matches the allegations made against Petitioners in the FAC.  That is, that Getty Images (US),

7   Inc. did not have the right to distribute Ms. Lewis' photographs via the print-on-demand websites

8   operated by Pixels.com.  FAC ¶¶ 17, 21 & 22.

9                                         **III.   LEGAL ARGUMENT**

10   The Federal Arbitration Act makes agreements to arbitrate "valid, irrevocable, and

11   enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

12   9 U.S.C. § 2.  The FAA reflects a "liberal federal policy favoring arbitration" and reinforces the

13   "fundamental principle that arbitration is a matter of contract."  *AT&T Mobility LLC v. Concepcion*,

14   563 U.S. 333, 339, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011) (citations omitted).  The FAA

15   requires courts to "rigorously enforce" agreements to arbitrate, *Mitsubishi Motors Corp. v. Soler*

16   *Chrysler-Plymouth*, 473 U.S. 614, 626, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985), to ensure that

17   private agreements to arbitrate "are enforced according to their terms."  *Stolt-Nielsen S.A. v.*

18   *AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682, 130 S. Ct. 1758, 176 L. Ed. 2d 605 (2010).

19   On a motion to compel arbitration, a district court must determine "(1) whether a valid

20   agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at

21   issue."  *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  The party

22   seeking to compel arbitration has the burden under the FAA to show these two elements.  *Ashbey v.*

23   *Archstone Property Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).  However, "[a]ny doubts

24   concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H.*

25   *Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d

26   765 (1983).

27

28   PETITION TO COMPEL ARBITRATION
     – Page 6



WILSDON LAW
P.O. Box 5515
Carmel, California 93921
831.324.0627

**A.    The Image Partner Agreement Is a Valid and Enforceable Agreement.**

The FAA applies to any written arbitration agreement that involves interstate commerce. *Circuit City Stores v. Adams*, 532 U.S. 105, 112-13, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001); *Prima Paint Corp. v. Flood Conklin Mfg. Co.*, 388 U.S. 395, 401-02 & n.7, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967).  Congress intended to "exercise [its] commerce power to the full" in the arbitration context, setting a very low bar for showing an effect on commerce.  *Circuit City*, 532 U.S. at 112 (quoting *Allied Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 277 (1995)).  The FAA incorporates "the broadest possible exercise of Congress' Commerce Clause power." *Citizens Bank v. Alfabco, Inc.*, 539 U.S. 52, 56-57, 123 S. Ct. 2037, 156 L. Ed. 2d 46 (2003).

The interstate commerce requirement is satisfied for purposes of arbitration any time the agreement either facilitates or affects commerce in some way, directly or indirectly.  *Prima Paint*, 388 U.S. at 401-02.  In this case, Automobilia II admits in its FAC that Getty Images, Inc. "has distribution offices around the world" and uses the Internet to distribute its content.  FAC ¶ 12.  Plainly the interstate commerce requirement is satisfied.

**B.    The Agreement to Arbitrate Is a Broad Agreement that Encompasses the Claims in the FAC.**

Upon finding the existence of a valid and enforceable agreement to arbitrate, the court must consider whether the dispute falls within the scope of the arbitration agreement.  *Mitsubishi*, 473 U.S. at 626; *Chiron Corp.*, 207 F.3d at 1130.  "'[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'"  *Chiron Corp.*, 207 F.3d at 1131 (quoting *Moses H. Cone*, 460 U.S. at 24-25)).  The party resisting arbitration bears the burden of showing the agreement does not cover the claims at issue.  *Green Tree Fin. Corp.-Ala. V. Randolph*, 531 U.S. 79, 91-92, 121 S. Ct. 513, 148 L. Ed. 2d 373 (2000).

**1.    Delegation of Arbitrability to Arbitrator.**

As an initial matter, Section 14.2 expressly incorporates the "the then current rules of the American Arbitration Association."  Image Partner Agreement § 14.2.  The Ninth Circuit has consistently held that incorporation of arbitration rules "constitutes clear and unmistakable evidence

1   that the contracting parties agreed to arbitrate arbitrability."  *Brennan v. Opus Bank*, 796 F.3d 1125,
2   1130 (9th Cir. 2015).

3        In this case, Rule R-7(a) of the AAA Commercial Arbitration Rules expressly provides that
4   the arbitrator has the authority to rule on "any objections with respect to the existence, scope, or
5   validity of the arbitration agreement or to the arbitrability of any claim or counterclaim."  Wilsdon
6   Decl., Ex. J.  In such cases, whether the claims in the FAC fall within the scope of Section 14.2 has
7   been delegated exclusively to the arbitrator.  *Raven Offshore Yacht Shipping, LLP v. F.T. Holdings,*
8   *LLC*, 199 Wn. App. 534, 541, 400 P.3d 347 (2017) (reversing trial court's denial of motion to
9   compel arbitration, holding parties has delegated arbitrability to arbitrator by incorporating Marine
10  Arbitration Association rules); *Woolley v. El Toro.com, LLC*, 2021 Wash. App. LEXIS 1140
11  (Wash. Ct. App., Division One, May 3, 2021) (following *Raven Offshore Shipping*, holding parties'
12  incorporation of AAA commercial rules, including Rule R-7(a), delegated arbitrability to
13  arbitrator).

14        **2.    Determination of Arbitrability by Court.**

15        The same result should obtain should this Court determine the arbitrability of the claims in
16  the FAC.  Section 14.2 is a "broad" arbitration clause under Ninth Circuit law.  *Cape Flattery Ltd.*
17  *v. Titan Maritime, LLC*, 647 F.3d 914, 922 (9th Cir. 2011), *cert. denied*, 566 U.S. 929 (2012).  The
18  Ninth Circuit interprets "broadly" arbitration clauses that contain the language "arising out of or
19  relating to" the agreement, as used in Section 14.2.  *Mediterranean Enters., Inc. v. Ssangyong*
20  *Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983); *Cape Flattery*, 647 F.3d at 922.

21        When an arbitration clause is interpreted "broadly," the clause "reaches every dispute
22  between the parties having a significant relationship to the contract and all disputes having their
23  origin or genesis in the contract."  *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 717, 721 (9th Cir. 1999);
24  *Chartwell Staffing Servs. V. Atl. Solutions Grp, Inc.*, 2020 U.S. Dist. LEXIS 24640, at *10 (C.D.
25  Cal. Jan. 9, 2020) (holding "broad" arbitration clause encompassed plaintiff's trade secret claims).
26  Further, the dispute at issue "need only 'touch matters' covered by the contract" in order for the
27  court to resolve all doubts in favor of arbitration.  *Simula*, 175 F.3d at 721 (citations omitted)..

28

PETITION TO COMPEL ARBITRATION
 – Page 8

Section 14.2 is broad and unambiguously applies to the claims in the FAC. It requires arbitration of any dispute, controversy or claim "arising out of or related to" the Agreement or the breach, termination or invalidity thereof. Image Partner Agreement, § 14.2. The FAC alleges that Getty Images, Inc. and Getty Images (US), Inc. are liable for copyright infringement because they allegedly supplied their "archive" of photographs or otherwise allowed those photographs to be distributed via the print-on-demand websites operated by Pixels.com. FAC ¶¶ 13, 17, 21 & 22. As set forth above, every example of infringement claimed by Automobilia II, *see* FAC, Exs. B & C, occurred during (1) the term of the Image Partner Agreement, or (2) the 90-day windup period during which Getty Images (US), Inc. and its partners were permitted to continue to distribute the photographs. *See* Section II.C., *supra*.

As a result, the copyright claims in the FAC rise and fall on the scope of rights granted to Getty Images (US), Inc. in the Image Partner Agreement. That is true even though Automobilia II purposefully omitted any reference to the Agreement in the FAC. The district court in *Chartwell Staffing*[3] confronted this issue when plaintiff amended its pleadings to drop its claim for breach of contract because the contract was subject to mandatory arbitration. Noting that amendment, the Court ruled:

> [W]hile [plaintiff] has not brought a claim for breach of contract [under the amended complaint], it has certainly set forth allegations that constitute "violation[s] of [the] Agreement[s]" and that accordingly, fall within the plain terms of the arbitration clause.

*Chartwell Staffing*, 2020 U.S. Dist. LEXIS 24640, at *10 (holding plaintiff's federal and state trade secrets claims fell within the scope of the agreements). The district court went on to hold that non-signatory defendants could compel arbitration because plaintiff's claims "are so bound up with the obligations imposed under the [agreements]" that plaintiff "must rely on the terms of the written

---

[3] The District Judge in *Chartwell Staffing* was the Honorable Josephine L. Staton, who is presiding over the underlying case *Automobilia II, LLC v. Getty Images, Inc., et al.*, No. 2:22-cv-2560 JLS (United States District Court, Central District of California).

PETITION TO COMPEL ARBITRATION
– Page 9



SW WILSDON LAW
P.O. Box 5515
Carmel, California 93921
831.324.0627

1   agreement[s] in asserting its claims" against defendants.  *Id.*, 2020 U.S. Dist. LEXIS 24640, at *12-

2   *13.

3       So, too, this Court should hold that Automobilia II's copyright claims fall within the plain

4   terms of the arbitration clause in Section 14.2.  Those claims exist only to the extent that Getty

5   Images (US), Inc. acted in a manner not permitted by the Image Partner Agreement.  That is,

6   Automobilia II cannot prove its claim for copyright infringement without proving that Getty Images

7   (US), Inc. breached its obligations under the 2006 Image Partner Agreement.  *Chartwell Staffing*,

8   2020 U.S. Dist. LEXIS 24640, at *10.

9   **C.      Signatory Car Culture Is Bound by the Agreement to Arbitrate.**

10      Ms. Lewis executed the Image Partner Agreement in the name of her company, Car Culture.

11   By that act, she bound Car Culture to the mandatory arbitration terms in Section 14.2.  At least one

12   of the copyright registrations identified in Exhibit A to the FAC is registered in the name of Car

13   Culture, Inc.  Wilsdon Decl., Ex. I (listing copyright claimant for registration VA0000647827 as

14   Machine Age, Inc., which is the former name of Car Culture, Inc.); *see also* Wilsdon Decl. ¶¶ 12,

15   13 & Ex. F (changing name from Machine Age, Inc. to Car Culture, Inc.).  As such, Car Culture is

16   the party with legal standing to bring claims for alleged infringements of works covered by

17   registration VA0000647827.  *See* 17 U.S.C. § 501.

18      In violation of its agreement to mandatory arbitration, Car Culture and Ms. Lewis elected to

19   pursue copyright infringement claims against Petitioners by filing the action in the Central District

20   of California.  Every example of infringement claimed in the First Amended Complaint (*see* FAC,

21   Exs. B & C) occurred during (1) the term of the Image Partner Agreement, or (2) the 90-day

22   windup period during which Getty Images (US), Inc. and its partners were permitted to continue to

23   distribute the photographs.  *See* Section II.C., *supra*.  Plainly, these claims "arise out of" and "relate

24   to" the rights and obligations in the Image Partner Agreement and are therefore subject to

25   mandatory arbitration.  That is unquestionably true of infringement claims relating to works

26   covered by copyright registration VA0000647827, for which Car Culture is the copyright claimant.

27

28   PETITION TO COMPEL ARBITRATION
     – Page 10

SW WILSDON LAW

P.O. Box 5515
Carmel, California 93921
831.324.0627

**D.      Non-Signatory Automobilia II Is Bound by the Agreement to Arbitrate.**

Ms. Lewis' second company, Automobilia II, is also bound by the terms of the Image Partner Agreement she signed in 2006.  The Ninth Circuit has long recognized that a non-signatory can be bound by an arbitration clause based on "ordinary contract and agency principles," *Letizia v. Prudential Bache Secs., Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986), and under the theory of equitable estoppel.  *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006).  At least five theories are recognized:  (1) incorporation by reference, (2) assumption, (3) agency, (4) veil-piercing/alter ego, and (6) equitable estoppel.  *Comer*, 436 F.3d at 1101.  A district court looks to state law in determining who may compel arbitration.  *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1217 (9th Cir. 2008); *Chartwell Staffing*, 2020 U.S. Dist. LEXIS 24640, at *11.  In this case, the parties' agreement includes a Washington choice of law.  Image Partner Agreement § 14.2 ("This Agreement shall be interpreted, construed and governed by the laws of the State of Washington.").

**1.      Automobilia II Is Bound by Contract Principles.**

By its terms, the Image Partner Agreement signed by Ms. Lewis is binding on her company Automobilia II.  While Ms. Lewis signed that Agreement as an officer of her second company, Car Culture, the Agreement expressly contemplated performance by Automobilia II.  Section 14.4 requires consent to an assignment of any obligations under the Agreement "[e]xcept to an entity that is a parent, subsidiary or ***affiliate***."  Image Partner Agreement § 14.4 (emphasis supplied).  In this case, Car Culture was more than a mere "affiliate" of Automobilia II; it was an admitted "licensee" of Automobilia in connection with the distribution agreement with Getty Images (US), Inc.  FAC ¶¶ 27, 30.  The Image Partner Agreement having been executed its licensee Car Culture, licensor Automobilia II, the purported owner of the copyrights in the photographic works, was a third-party beneficiary of the Agreement.  *Postlewait Constr. v. Great Am. Ins. Cos.*, 106 Wn. 2d 96, 99, 720 P.2d 805 (1986).

The Image Partner Agreement does not define the meaning of "affiliate."  In such cases, courts construe words according to their plain and ordinary meaning.  *Revitch v. DIRECTV, LLC*, 997 F.3d 713, 717 (9th Cir. 2020).  The Ninth Circuit has defined an "affiliate" as "a company

PETITION TO COMPEL ARBITRATION
– Page 11

SW WILSDON LAW
P.O. Box 5515
Carmel, California 93921
831.324.0627

1   effectively controlled by another or associated with others under common ownership or control."

2   *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009) (quoting Webster's Third

3   New International Dictionary 35 (2002)).  Automobilia II, which shares common ownership and

4   control with Car Culture in the form of Ms. Lewis, falls squarely within the definition of an

5   "affiliate."  *AMA Multimedia LLC v. Sagan Ltd.*, 2017 U.S. Dist. LEXIS 10991, at *20-*21 (D.

6   Ariz. Jan. 26, 2017) (non-signatory corporate defendants held to be "affiliates" under contract,

7   based on common ownership, and therefore were subject to forum selection clause).

8       Moreover, the FAC alleges that Ms. Lewis "transferred" the copyrights to her photographs

9   to Automobilia II.  FAC ¶ 8.  The purported assignment is necessary for Automobilia II to have

10  standing to sue under the Copyright Act.[4]  *See* 17 U.S.C. § 501(b).  While the FAC does not

11  disclose **when** the purported assignment occurred, it is of no matter.  If Ms. Lewis assigned those

12  rights **after** she signed the 2006 Image Partner Agreement, then Automobilia is bound under the

13  Agreement as a "successor or assign" in Section 14.4.  Image Partner Agreement § 14.4 ("[T]his

14  Agreement will be fully binding upon, inure to the benefit of, and be enforceable by the parties **and**

15  **their respective successors and assigns.")** (emphasis supplied).  Alternatively, if Ms. Lewis

16  assigned the copyrights **before** she signed the 2006 Image Partner Agreement, Automobilia II is

17  bound by the acts of its agents (Ms. Lewis or Car Culture, or both) acting with actual or apparent

18  authority.  *See* Section III.D.2., *infra*.

19      Lastly, the Image Partner Agreement required Ms. Lewis and her company to warrant their

20  authority to grant exclusive distribution rights to Getty Images (US), Inc.  That included a warranty

21  that Car Culture "has and shall have during the term of this Agreement, sufficient rights in [its]

22  Products to grant Getty Images the rights set forth in this Agreement."  Image Partner Agreement

23  § 9.2.  Where such rights are held by another party, such as Automobilia II appears to claim in the

24  FAC, Ms. Lewis and her company were expressly required to warrant that they had "any necessary

25

26

27  [4] As previously noted, at least one of the copyright registrations identified in the FAC remains
    registered in the name of Car Culture, Inc.  Wilsdon Decl., Ex. I; *see also* Section III.C., *supra*.

28  PETITION TO COMPEL ARBITRATION
    – Page 12



P.O. Box 5515
Carmel, California 93921
831.324.0627

approval, consent, authorization, release, clearance or license of [Car Culture] **or any other Third Party.**" *Id.* (emphasis supplied).

Thus, by signing the Agreement, Ms. Lewis warranted that her first company (Car Culture) had "approval, consent, authorization . . . or license" from her second company (Automobilia II). Having "approved" or "consented" to the distribution agreement, Automobilia II is bound by its terms, including mandatory arbitration of its copyright claims.  Again, Automobilia II is bound by Car Culture's agreement to arbitrate under ordinary contract principles.  *Johnson v. Harrigan-Peach Land Dev. Co.*, 79 Wn. 2d 745, 489 P.2d 923 (1971) (holding individual defendants liable for approving false representations and warranties by contracting party).

**2.    Automobilia II Is Bound by Agency Principles.**

Automobilia II is further bound to Car Culture's agreement to arbitrate under agency principles.  The Ninth Circuit has explained that non-signatories of arbitration agreements "may be bound by the agreement under ordinary contract and agency principles."  *Letizia*, 802 F.2d at 1187 (citations omitted).  Under Washington law, whether a non-signatory may be bound to an arbitration agreement "turns on traditional principles of agency law."  *SVN Cornerstone LLC v. N 807 Inc.*, 2017 Wash. App. LEXIS 1231 (Wash. Ct. of App., Division Three, May 23, 2017).

Here, Automobilia II admits that Car Culture acted as its "licensee" in connection with the distribution agreement with Getty Images (US), Inc.  FAC ¶¶ 27, 30.  Further, Ms. Lewis and her company represented that Car Culture had "approval, consent, authorization or license" from Automobilia II to carry out its obligations under the Image Partner Agreement, including its grant of exclusive distribution rights to Getty Images (US), Inc.  Image Partner Agreement § 9.2.

Washington follows the nearly universal rule that a principal is bound by agreements made by its agent acting with actual or apparent authority.  *T-Mobile USA, Inc. v. Selective Ins. Co. of Am.*, 194 Wn. 2d 413, 450 P.3d 150 (2019); *see also P.E.V.'s, Inc. v. Kurtti*, 2003 Wash. App. LEXIS 2106 (Wash. Ct. of App., Division One, Sept. 22, 2003).  In this case, agents Ms. Lewis and Car Culture acted with actual or apparent authority of principal Automobilia II when Ms. Lewis signed the Image Partner Agreement.  Both companies are owned and operated by Ms. Lewis, the

PETITION TO COMPEL ARBITRATION
 – Page 13

warranties given by Ms. Lewis and Car Culture required "approval, consent, authorization . . . or license" from Automobilia II, *see* Image Partner Agreement § 9.2, and Automobilia II admits Car Culture acted as its "licensee" in connection with the distribution agreement with Getty Images (US), Inc.[5]  FAC ¶¶ 27, 30.

### 3.    Automobilia II Is Bound by Principle of Equitable Estoppel.

The same facts that compel Automobilia II to arbitrate under contract and agency principles dictate the same result under the principle of equitable estoppel.  Equitable estoppel "precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes."  *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045 (9th Cir. 2009).  Equitable estoppel may also exist "if there is both a 'close relationship between the entities involved,' and a 'relationship of the alleged wrongs to the non-signatory's obligations and duties in the contract and the fact that the claims were intertwined with the underlying contractual obligations.'"  *Soto v. American Honda Motor Co., Inc.*, 946 F. Supp. 2d 949, 955 (N.D. Cal. 2012) (quoting *Mundi*, 555 F.3d at 1046).

Washington courts follows a similar approach.  "Washington courts, like federal courts, have recognized that both equitable estoppel and 'normal contract and agency principles' permit non-parties to arbitration agreements to compel arbitration."  *All for Kidz, Inc. v. Around the World Yoyo Entm't Co.*, 2014 U.S. Dist. LEXIS 64004, at *6-7 (W.D. Wash. May 8, 2014) (citing *McClure v. Davis Wright Tremaine*, 77 Wn. App. 312, 890 P.2d 466, 467 (1995)); *Townsend v. Quadrant Corp.,* 2009 Wash. App. LEXIS 2629, 218 P.3d 230, 240 (2009).

Ms. Lewis and Car Culture were entitled to and did receive royalty payments from Getty Images (US), Inc. up to and including the 90-day windup term in spring 2020, including royalties paid for distribution by print-on-demand.  Bench Decl., Ex. A (print-on-demand royalty statements

---

[5] Automobilia II cannot escape this outcome by claiming the agency was not disclosed to Getty Images (US), Inc.  Under Washington law, an agent and its *undisclosed* principal are jointly and severally liable for contracts formed on behalf of the *undisclosed* principal.  *Crown Controls, Inc. v. Smiley*, 110 Wn.2d 695, 706, 756 P.2d 717 (1988); *see also* Restatement (Third) of Agency § 2.06.

PETITION TO COMPEL ARBITRATION
 – Page 14



P.O. Box 5515
Carmel, California 93921
831.324.0627

for 2019 and 2020.)[6]  Moreover, the Image Partner Agreement includes a provision prohibiting assignment (absent Getty Images (US), Inc.'s agreement) of any of Car Culture's rights "including through a change of control for Partner" under the Agreement, "except [for assignments] to an entity that is a parent, subsidiary or affiliate" of Car Culture.  Image Partner Agreement § 14.4.  As noted above, Car Culture also warrantied that it "has and shall have during the term of this Agreement, sufficient rights in [Car Culture's] Products to grant Getty Images (US), Inc. the rights set forth in this Agreement."  Image Partner Agreement § 9.2.

Automobilia II accepted the benefits of the Image Partner Agreement through Car Culture, which was in turn prohibited from assigning its rights to any entity other than a "parent, subsidiary or affiliate."  Given these facts and the common singular ownership of both companies by Ms. Lewis, Automobilia is equitably estopped from avoiding the arbitration provision in the Agreement. *David Terry Investments, LLC-PRC v. Headwaters Development Group LLC*, 13 Wn. App. 2d 159, 171, 463 P.2d 117 (2020) (applying equitable estoppel to compel arbitration of claims against non-signatory where claims were "based on the same facts" and were "inherently inseparable" from arbitrable claims against signatory).

**E.    The Agreement to Arbitrate Is Enforceable by Non-Signatory Getty Images, Inc.**

Getty Images (US), Inc. is a signatory to the 2006 Image Partner Agreement.  Its parent company, Getty Images, Inc. is not.  However, just as a non-signatory may be bound by an arbitration agreement, so, too can a non-signatory enforce an arbitration clause based on "ordinary contract and agency principles," *Letizia*, 802 F.2d at 1187, and under the theory of equitable estoppel.  *Comer*, 436 F.3d at 1101.  A district court looks to state law in determining who may compel arbitration.  *Lowden*, 512 F.3d at 1217 (9th Cir. 2008); *Chartwell Staffing*, 2020 U.S. Dist. LEXIS 24640, at *11.  In this case, as previously noted, the Image Partner Agreement specifies that Washington law applies.  Image Partner Agreement § 14.2.

---

[6] The amount of each print-on-demand royalty payment to Ms. Lewis and her company has been redacted because that information is treated as confidential and proprietary business information. Bench Decl. ¶ 4.

PETITION TO COMPEL ARBITRATION
 – Page 15



P.O. Box 5515
Carmel, California 93921
831.324.0627

1   Washington courts have long held that a non-signatory may enforce an agreement to

2   arbitration under "normal contract and agency principles" and under the theory of equitable

3   estoppel. *Wiese v. CACH, LLC*, 189 Wn. App. 466, 358 P.3d 1213, 1222 (2015); *Townsend v.*

4   *Quadrant Corp.*, 153 Wn. App. 870, 889, 224 P.3d 818 (2009), *aff'd* 173 Wn. 2d 451, 268 P. 3d

5   917 (2012); *McClure v. Davis Wright Tremaine*, 77 Wn. App. 312, 315, 890 P.2d 466 (1995);

6   *Loyola v. American Credit Acceptance LLC*, 2019 U.S. Dist. LEXIS 64285, at *24 (E.D. Wash.

7   Apr. 15, 2019) (applying Washington law, holding non-signatory agent could compel arbitration

8   agreement because to hold otherwise "would eviscerate the arbitration agreement").

9   The 2006 Image Partner Agreement is enforceable by parent company Getty Images, Inc.

10   under ordinary contract and agency principles.  In this case, the Agreement expressly contemplated

11   performance by "an entity that is a ***parent***, subsidiary or affiliate . . . ."  Image Partner Agreement

12   § 14.4 (emphasis supplied).  As a contemplated party under the Agreement, parent company Getty

13   Images, Inc. is entitled to enforce its terms, including the parties' agreement to mandatory

14   arbitration. *Schmidt v. Samsung Elecs. Am., Inc.*, 2017 U.S. Dist. LEXIS 80768, at *20 (W.D.

15   Wash. May 25, 2017) (applying Washington law, holding parent companies could enforce

16   arbitration agreement as "affiliates" of subsidiary company).

17   Moreover, Washington law allows a non-signatory to enforce an arbitration agreement

18   under the theory of equitable estoppel. *Townsend*, 153 Wn. App. at 889.  That is, where the claims

19   against a parent and a subsidiary are "based on the same facts . . . and are inherently inseparable, a

20   court may order arbitration of claims against the parent even though the parent is not a party to the

21   arbitration agreement." *Id.*, 153 Wn. App. at 889 (citing *J.J. Ryan & Sons, Inc. v. Rhone Poulenc*

22   *Textile, S.A.*, 863 F.2d 315, 320-21 (4th Cir. 1988)); *see also David Terry Investments*, 13 Wn. App.

23   2d at 171.

24   ///

25   ///

26   ///

27

28   PETITION TO COMPEL ARBITRATION
     – Page 16


P.O. Box 5515
Carmel, California 93921
831.324.0627

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV.    CONCLUSION

For the reasons stated, this Court should order Respondents Car Culture and Automobilia II to arbitrate their claims pursuant to Section 14.2 of the 2006 Image Partner Agreement.

DATED:  June 23, 2022.                    **SCOTT WILSDON LAW**

*/s/ Scott T. Wilsdon*
Scott T. Wilsdon, WSBA No. 20608
P.O. Box 5515
Carmel, California 93921
Telephone:  831.324.0627
Email:  wilsdon@wilsdonlaw.com

**JAMNBACK LAW**

*/s/ John H. Jamnback*
John H. Jamnback, WSBA No. 29872
4701 S.W. Admiral Way,  #299
Seattle, WA 98116
Telephone:  206.949.1549
Email:  jhjamnback@jamnbacklaw.com

*Attorneys for Petitioners Getty Images, Inc.*
*and Getty Images (US), Inc.*

PETITION TO COMPEL ARBITRATION
– Page 17



P.O. Box 5515
Carmel, California 93921
831.324.0627