# EXHIBIT A

Joanna Ardalan (Bar No. 285384)
Email: jardalan@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (310) 437-8665
Facsimile: (310) 943-2085

*Attorneys for Plaintiff,*
Automobilia II, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| AUTOMOBILIA II, LLC, a Florida limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> GETTY IMAGES INC., a Delaware corporation, GETTY IMAGES (US), INC., a New York corporation; PIXELS.COM LLC, an Illinois limited liability corporation; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:22-cv-2560 <br><br> **FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

**FIRST AMENDED COMPLAINT**

Plaintiff Automobilia II, LLC ("Automobilia II"), by and through its attorneys of record, complains against Defendant Getty Images, Inc. ("Getty Images"), Defendant Getty Images (US), Inc., ("Getty US"), Defendant Pixels.com, LLC ("Pixels"), and DOES 1 through 10 (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction over the copyright infringement under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, the Defendants transact business in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Plaintiff Automobilia II, LLC is a Florida limited liability company with its principal place of business in Sarasota, Florida.

4. Plaintiff is informed and believes and, upon such, alleges that Defendant Getty Images, Inc., is a Delaware corporation with its principal place of business in Seattle, Washington.

5. Plaintiff is informed and believes and, upon such, alleges that Defendant Getty (US), Inc., is a New York corporation with its principal place of business in Seattle, Washington.

6. Plaintiff is informed and believes and, upon such, alleges that Defendant Pixels.com, LLC, is an Illinois limited liability company, with its principal place of business in Santa Monica, California.

7. DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Prior to filing suit, Plaintiff asked that Getty US

and Pixels enter into a tolling agreement while the parties discussed settlement. The tolling agreement contained a representation that Getty US owned, operated, and controlled Photos.com and that Pixels owned, operated, and controlled Pixels.com. Defendants were unwilling to sign the agreement with this representation and were unable to identify who else might be responsible for the infringement of Automobilia's works. As such, these other participants who are responsible for the infringement are being sued as DOE defendants. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## STATEMENT OF FACTS

### *The Photos Forming the Subject Matter of This Dispute*

8. Lucinda Lewis is a photographer who captures a nostalgic look of America through classic automobiles while posed with neon-lit diners, drive-in movie theaters, and Route 66 landmarks among many others. Lewis's photographs have been published in books, calendars, and posters which have been sought after by car enthusiasts and history buffs, and they have been licensed for many thousands of dollars. Lewis's images are professional-grade and uniquely captured. Each has been transferred to Plaintiff Automobilia II. Automobilia II also owns the copyrights of certain car photos authored by others, the interest to which has been assigned to Automobilia II.

9. The images that form the subject matter of this dispute are referred to herein as the "Photos."

10. Automobilia II, or its predecessor in interest which has assigned its interest to Automobilia II, has timely registered the Photos with the United States Copyright Office. Their respective registration numbers are attached hereto as Exhibit A.

11. Automobilia II owns all rights, title, and interests (including the copyrights

2

**FIRST AMENDED COMPLAINT**

thereto) to the Photos.

## *The Defendants and the Marketplace*

12. Defendant Getty Images is a visual media company and is a supplier of photography, video, and music, with an archive of over 200 million assets. It licenses its assets to creative professionals, seeking content for advertising and graphic design, the media, for print and online publishing, and corporate professions for in-house design and marketing. Getty Images has distribution offices around the world and capitalizes on the Internet for distribution of its content. In 2021, Getty Images was valued at $4.8 billion.

13. On information and belief, Getty US is a subsidiary of Getty Images. As described herein, on information and belief, Getty and Getty US have partnered with Pixels with respect to the infringing websites at issue in this lawsuit, Photos.com, Pixels.com, and FineArtAmerica.com. On information and belief, Getty Images supplied its archive to Photos.com, Pixels.com, and FineArtAmerica.com, including the Photos, notwithstanding it did not have the right to do so, at least with respect to the Photos at issue in this lawsuit.

### **Photos.com**

14. According to the Photos.com website, "Photos.com by Getty Images offers a curated selection of ready-to-hang photographs with a range of framing options." Customers can pick a photograph that is displayed on Photos.com, and order, on information and belief, Pixels (or a DOE defendant) to print it on canvas, metal, acrylic, or wood and buy a frame to go with it. The Photos were reproduced, publicly displayed, and distributed on photos.com without Automobilia II's consent, all so that users could cause Defendants and their agents to make unauthorized derivative works of them.

15. On information and belief, Getty US owns and, at least, in part, controls, the website www.photos.com. Among other things, it is listed as the registrant of the domain name photos.com. Its logo states "Photos.com by Getty Images," a trademark held by Getty US.

16. On information and belief, Pixels has partnered with Getty US to operate and, in part, control the website Photos.com. While Photos.com's Terms of Use do not identify

3

**FIRST AMENDED COMPLAINT**

the legal entity that is bound by those terms, it does provide its copyright agent's and trademark agent's information, who both have the same business address as Pixels.com, 2202 Main Street, Santa Monica, California. Moreover, the Privacy Policy for Photos.com explains how Pixels, not Getty, collects information from users.

17. Without Automobilia II's consent or permission, Defendants, through Photos.com distributed, reproduced, publicly displayed, and offered for sale derivative works which are shown in Exhibit B.

### Pixels.com and FineArtAmerica.com

18. On information and belief, Pixels owns, operates, and controls Pixels.com and FineArtAmerica.com.

19. Like Photos.com, Pixels.com and FineArtAmerica.com offer their customers a way to pick a photograph displayed on the respective website, and order, on information and belief, Pixels (or a DOE defendant) to create a framed canvas print of the image, among other options, as well as the option to create apparel, stationery, home goods, beach gear, and much more. Pixels.com features a "Getty Images Shop" featuring images from Getty's archive and/or Getty US's website Photos.com.

20. On information and belief, Defendants' reproduction, distribution, and public display of Automobilia II's Photos, and derivatives thereof, were mirrored on FineArtAmerica.com, which has the same content as Pixels.com. Indeed, both websites share the same layout, copy, and selection, order, and arrangement of the works distributed thereon.

21. Without Automobilia II's consent or permission, Defendants, through Pixels.com and FineArtAmerica.com distributed, reproduced, publicly displayed, and offered for sale derivative works. *See* e.g. Exhibit C.

22. Defendants have, on information and belief, violated federal law by willfully infringing Automobilia II's copyrights on Photos.com, Pixels.com, and FineArtAmerica.com and through their unauthorized distribution of derivative works without permission, consent, or license. *See* Exhibits B & C.

# FIRST CLAIM FOR RELIEF
## (Copyright Infringement, 17 U.S.C. § 501
## Against All Defendants)

23. Plaintiff Automobilia II incorporates here by reference the allegations in paragraphs 1 through 22 above.

24. Automobilia II is the rightsholder to the copyrights of the Photos, which substantially consist of wholly original material that constitutes copyrightable subject matter under the laws of the United States. Automobilia II, or its predecessor in interest, has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Photos have been timely registered with the United States Copyright Office.

25. Defendants Getty Images, Getty US, and Pixels have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Automobilia II's copyrights by reproducing, displaying, distributing, creating a derivative work thereto and utilizing the Photos for purposes of trade without authorization of or payment to Automobilia II in violation of 17 U.S.C. § 501 *et seq.* on the website Photos.com.

26. Defendants have willfully infringed, and unless enjoined, will continue to infringe Automobilia II's copyrights by knowingly reproducing, displaying, distributing, creating a derivative work thereto, and utilizing the Photos for purposes of trade.

27. On information and belief, Defendants' acts of infringement are willful because, inter alia, Defendants are sophisticated businesses with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation. In addition, Automobilia II's licensee once had a relationship with Getty US and, as such, Defendants were fully aware of Automobilia II's copyrights and copyright registrations through that relationship.

28. Despite such knowledge, Defendants willfully reproduced, publicly distributed, and publicly displayed the Photos on Photos.com and unlawfully sold unauthorized derivative works of the Photos to customers for substantial profit.

29. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution, and utilization of the Photos for purposes of trade, including by increasing the traffic to their websites and increasing sales of its infringing derivative works.

30. The wrongful acts of Defendants have caused, and are causing, great injury to Plaintiff, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Automobilia II will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendants are infringing Automobilia II's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

31. As a result of the acts of Defendants alleged herein, Automobilia II has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

32. Plaintiff is entitled to a potential award of up to $150,000 per infringed work on Photos.com.

33. Alternatively, at its discretion, Automobilia II is entitled to actual damages in an amount to be proven at trial for the infringement of all works at issue.

34. Plaintiff is also entitled to its attorney's fees, costs, and interest in prosecuting this action.

## SECOND CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501

### Against All Defendants)

35. Plaintiff Automobilia II incorporates here by reference the allegations in paragraphs 1 through 34 above.

36. Automobilia II is the rightsholder to the copyrights of the Photos, which substantially consist of wholly original material that constitutes copyrightable subject

6

**FIRST AMENDED COMPLAINT**

matter under the laws of the United States. Automobilia II, or its predecessor in interest, has complied in all respects with the Copyright Act and all the laws of the United States governing copyrights. The Photos have been timely registered with the United States Copyright Office.

37. Defendants Getty Images, Getty US, and Pixels have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Automobilia II's copyrights by reproducing, displaying, distributing, creating a derivative work thereto and utilizing the Photos for purposes of trade without authorization of or payment to Automobilia II in violation of 17 U.S.C. § 501 *et seq.* on the website Pixels.com and FineArtAmerica.com.

38. Defendants have willfully infringed, and unless enjoined, will continue to infringe Automobilia II's copyrights by knowingly reproducing, displaying, distributing, creating a derivative work thereto, and utilizing the Photos for purposes of trade.

39. On information and belief, Defendants' acts of infringement are willful because, inter alia, Defendants are sophisticated businesses with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation. In addition, Automobilia II's licensee once had a relationship with Getty US and, as such, Defendants were fully aware of Automobilia II's copyrights and copyright registrations through that relationship.

40. Despite such knowledge, Defendants willfully reproduced, publicly distributed, and publicly displayed the Photos on Pixels.com and FineArtAmerica.com and unlawfully sold unauthorized derivative works of the Photos to customers for substantial profit.

41. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution, and utilization of the Photos for purposes of trade, including by increasing the traffic to their websites and increasing sales of its infringing derivative works.

42. The wrongful acts of Defendants have caused, and are causing, great injury to Plaintiff, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Automobilia II will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendants are infringing Automobilia II's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

43. As a result of the acts of Defendants alleged herein, Automobilia II has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

44. Plaintiff is entitled to a potential award of up to $150,000 per infringed work on Pixels.com and FineArtAmerica.com

45. Alternatively, at its discretion, Automobilia II is entitled to actual damages in an amount to be proven at trial for the infringement of all works at issue.

46. Plaintiff is also entitled to its attorney's fees, costs, and interest in prosecuting this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff Automobilia II's rights in the photographs at issue;

2.  That Defendants be held liable to Plaintiff in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c) and for costs, interest and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

3.  That an accounting be made for all profits, income, receipts, or other benefit derived by Defendant from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

4.  Requiring Defendants to account for and pay over to Plaintiff all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

5.  For actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b); and

6.  That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated: April 25, 2022　　　　　　　　**ONE LLP**

By: */s/ Joanna Ardalan*
　　Joanna Ardalan

*Attorneys for Plaintiff,*
Automobilia II, LLC

9

**FIRST AMENDED COMPLAINT**

# DEMAND FOR JURY TRIAL

Plaintiff Automobilia II hereby demand trial by jury of all issues so triable under the law.

Dated: April 25, 2022

**ONE LLP**

By: */s/ Joanna Ardalan*
Joanna Ardalan

*Attorneys for Plaintiff,*
Automobilia II, LLC

10

**FIRST AMENDED COMPLAINT**