UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GETTY IMAGES, INC.; and GETTY IMAGES (US), INC., <br><br>　　　　Petitioners, <br><br>　　v. <br><br>CAR CULTURE, INC., a Florida corporation; AUTOMOBILIA II, LLC, a Florida limited liability company, <br><br>　　　　Respondents. | No. <br><br>**DECLARATION OF ISABEL NICHOLSON IN SUPPORT OF PETITION TO COMPEL ARBITRATION** |

I, Isabel Nicholson, declare as follows:

1.　I am a Senior Partnership Manager at Getty Images (Seattle), Inc., a position I have held since April 11, 2016. Getty Images (Seattle), Inc. provides support services to Getty Images, Inc. and Getty Images (US), Inc. (collectively, "Getty Images"). I make this Declaration based upon personal knowledge and, if called to testify, could and would testify competently to the facts set forth herein.

2.　My responsibilities at Getty Images include managing third party distribution partnerships.

3. I am familiar with the computerized system used by Getty Images to record and store contract documents, correspondence and other communications by and between Getty Images and its partners.

4. Attached as Exhibit A is a true and correct copy of an email received from lawyer David Grace at the law firm Loeb & Loeb, date July 26, 2019, regarding Ms. Lewis and Car Culture, Inc.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed: June 22nd, 2022.



Isabel Nicholson

NICHOLSON DECLARATION IN SUPPORT
OF PETITION TO COMPEL ARBITRATION
– Page 2

WILSDON LAW
P.O. Box 5515
Carmel, California 93921
831.324.0627

# EXHIBIT A

**From:** David Grace <dgrace@loeb.com>
**Sent:** 26 July 2019 21:35
**To:** Jane Ashurst <Jane.Ashurst@gettyimages.com>
**Cc:** Isabel Nicholson <Isabel.Nicholson@gettyimages.com>; cindy.lewis@carculture.com
**Subject:** Cindy Lewis/Car Culture - Getty Images - License Issues - 208780-10009

Hi Jane –

Cindy Lewis of Car Culture has asked me to respond to your email.  She would be happy to work with you to try to make the relationship more productive for everyone.  However, I have to disagree with your analysis of the 2006 contract.

On exclusivity, the contract expressly acknowledges that CC retained the right to license the Products for use by others:  "Nothing in this Section 2 shall be construed to prevent Partner from marketing and selling or *licensing* Partner's Products directly to an end user customer, with Partner retaining all proceeds from such sales, provided that the Partner communicates to Getty Images, *any exclusive license restrictions granted*."  To the extent that the sentence refers to retention of funds, it refers to not sharing with Getty.  Nothing in this sentence prevents CC from using salespeople or commissioned agents to help us find potential end user customers.  At the time of the contract, Cindy had an online stock photography service and a licensing agent.

On similiars, your interpretation of the meaning of "similars" is much broader than the contract definition.  Nothing in the agreement refers to images that are "completely different and dissimilar".  The contract definition of similiars is images that are "substantially the same".  As you may be aware, photographers often take multiple images that are essentially the same or substantially the same.

On types of uses, the license to Getty is for distribution of rights managed images.  At the time of the contract, Getty was licensing works for editorial and advertising purposes only.  In any event, nothing in the agreement granted Getty the right to license the creation of derivative works for merchandising purposes.  Paragraph 2.1 specifically limits any alterations or edits to those needed for technical or editorial compatibility issues and paragraph 9.3 requires Getty to use the Car Culture® trademark and appropriate copyright notices.  With respect to the image of the proposed derivative work for merchandising, she would happy to consider approving the proposed use on a one-time basis if you will provide us with the details of the proposed transaction.

I would be happy to discuss with you by telephone these issues and anything else that might

make the relationship more productive for all.  Thank you in advance.


Best regards, Dave


**David W. Grace**
*Partner*
+1-310-282-2108 : dgrace@loeb.com
**LOEB & LOEB LLP**  - *Celebrating Our 110th Anniversary - 1909-2019*
10100 Santa Monica Boulevard, Suite 2200, Los Angeles, California 90067
TEL: +1-310-282-2000 : FAX: +1-310-282-2200
*Los Angeles | New York | Chicago | Nashville | Washington, DC | San Francisco | Beijing | Hong Kong |*www.loeb.com