UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GETTY IMAGES, INC., and GETTY IMAGES (US), INC.,<br><br>Petitioners,<br><br>v.<br><br>CAR CULTURE, INC., and AUTOMOBILIA II, LLC,<br><br>Respondents. | CASE NO. C22-886 MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Petitioners' Motion for Reconsideration. (Dkt. No. 29.) Having considered the Motion and all supporting materials, the Court DENIES the Motion.

Invoking Rule 60(a), Petitioners first ask that the Court to correct a possible clerical error in the judgment, which noted the dismissal of their Petition to Compel Arbitration with prejudice. Petitioners alternatively ask the Court to reconsider its entry of judgment with prejudice under Local Rule 7(h).

ORDER DENYING MOTION FOR RECONSIDERATION - 1

1    Under Rule 60(a), the court may "correct a clerical mistake" found in a judgment. And
2    under the Local Rules, "[m]otions for reconsideration are disfavored." Local Civil Rule 7(h).
3    "The court will ordinarily deny such motions in the absence of a showing of manifest error in the
4    prior ruling or a showing of new facts or legal authority which could not have been brought to its
5    attention earlier with reasonable diligence." Id.
6    Petitioners have not identified a clerical error in the judgment that was entered. It was and
7    continues to be the Court's intent that its dismissal of Petitioners' Petition is with prejudice. And
8    Petitioners have not identified any manifest error in this decision. Consistent with 9 U.S.C. § 4,
9    the Court considered whether Petitioners had demonstrated an applicable arbitration agreement
10   binding the Respondents. The Court applied a summary judgment standard, because the Court
11   was asked to make a "summary disposition of the issue" of whether Automobilia II, LLC's
12   claims were subject to the arbitration agreement on which Petitioners relied. See Hansen v. LMB
13   Mortg. Servs., Inc., 1 F.4th 667, 670 (9th Cir. 2021) (noting that a summary judgment standard
14   applies to determining whether a party is bound by an arbitration agreement). The Court's Order
15   found that Petitioners had failed to meet their burden to show that Automobilia's claims were
16   subject to arbitration. The Court found no dispute of fact about "the making of the arbitration
17   agreement or the failure, neglect, or refusal to perform the same," which meant there was no
18   need to "proceed summarily to the trial thereof." 9 U.S.C. § 4. This was a final decision on the
19   merits of the claim. And given the absence of any genuine issue of material fact in dispute (or
20   request from Petitioners to conduct discovery or proceed to trial), the Court's denial did not leave
21   open the opportunity to make further factual development. Dismissal with prejudice was
22   appropriate in this scenario. This renders the primary case on which Petitioners rely inapposite,
23   because the parties "stipulated to the existence of a genuine issue of material fact concerning

whether [a plaintiff] assented to the arbitration clause," thereby making a trial under 9 U.S.C. § 4 appropriate. Kwan v. Clearwire Corp., No. C09-1392-JLR, 2012 WL 32380, at *10 (W.D. Wash. Jan. 3, 2012). Here, the Court found no such dispute of fact. While Petitioners may lament the lack of evidence needed to carry their burden, they chose to file the petition without conducting discovery and without demanding a trial before this Court. This does not show manifest error in the Court's decision. The Court has also considered the other two unpublished district court decisions on which Petitioners rely, and finds that they do not support the broad proposition Petitioners present or that the Court's dismissal with prejudice on the unique facts presented was manifest error. The Court DENIES the Motion for Reconsideration.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 7, 2022.

Marsha J. Pechman
United States Senior District Judge